*U. S. DEPARTMENT OF JUSTICE*



BETSY C. JIVIDEN
Acting United States Attorney
Northern District of West Virginia

| | |
|---|---|
| 320 West Pike Street | Phone: (304) 623-7030 |
| Suite 300 | Fax:   (304) 623-7031 |
| Clarksburg, WV 26301 | |

**FILED**

MAR 1 0 2010

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

January 30, 2010

**VIA HAND DELIVERY:**
James Brian Shockley
Cranston & Edwards
1200 Dorsey Avenue Suite 2
Morgantown, WV 26501

In re:   *United States v. John Renner*
         Criminal No. 1:10CR16

Dear Mr. Shockley:

   This will confirm conversations with you concerning your client, John Renner (hereinafter referred to as Mr. Renner).

   All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

   It is agreed between the United States and your client as follows:

   1.   Mr. Renner will waive the right to have his case presented to a Grand Jury and will plead guilty to a one-count Information charging him with knowingly making a false statement, representation, and certification in a record, report and other document filed and required to be maintained pursuant to Chapter 22 of Title 30 of the United States Code, in violation of Title 30, United States Code, Sections 820(f).

_____          1-30-10
John Renner                        Date Signed


_____          1-30-10
James Brian Shockley               Date Signed
Counsel for Mr. Renner

James Brian Shockley
Cranston & Edwards
January 30, 2010
Page 2

      2.      The maximum penalty to which Mr. Renner will be exposed by virtue of his plea of guilty, as stated in paragraph 1 above, is imprisonment for a term of five (5) years, a fine of not more than $10,000.00, a period of supervised release of three (3) years, and a special mandatory assessment of $100.00 (18 U.S.C. §3013) which must be paid before the date of sentencing by money order or certified check, made payable to the United States District Court. It is understood that Mr. Renner might be required by the Court to pay the costs of his incarceration.

      3.      Mr. Renner will be completely forthright and truthful with federal officials in the Northern District of West Virginia and elsewhere with regard to all inquiries made of him and will give signed, sworn statements and grand jury and trial testimony relative thereto. Mr. Renner will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

      4.      Nothing contained in any statement or any testimony given by Mr. Renner, pursuant to paragraph 3, will be used against him as the basis for any subsequent prosecution. It is understood that any information obtained from Mr. Renner in compliance with this cooperation agreement will be made known to the sentencing Court although, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Mr. Renner's applicable advisory guideline range. Such information may be used by the Court, the probation office and the United States to support the United States' contention that the defendant's final guideline level, before any reductions for acceptance, is level 14. Furthermore, if, in the opinion of the United States Attorney's Office, the defendant breaches this plea agreement, then any statement by the defendant made pursuant to this plea agreement and any evidence derived therefrom, directly or indirectly, may be used against the defendant without limitation. However, this agreement does not prevent Mr. Renner from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this agreement. In addition, nothing contained in this agreement shall prevent the United States from prosecuting Mr. Renner for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of his fulfilling the conditions of paragraph 3 above.

      5.      At final disposition, the United States will advise the Court of Mr. Renner's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate. *If the Court accepts Mr. Renner's offered plea, then the United States agrees not to prosecute him for additional violations of §820(f).*

_____        1-30-10
John Renner                                           Date Signed

_____        1/30/10
James Brian Shockley                     Date Signed
Counsel for Mr. Renner

James Brian Shockley
Cranston & Edwards
January 30, 2010
Page 3

     6.     There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, as to what the final disposition in this matter should and will be. This agreement includes <u>nonbinding</u> recommendations by the United States, pursuant to Rule 11(c)(1)(B); however the defendant understands that the Court is <u>not</u> bound by these sentence recommendations, and that the defendant has <u>no</u> right to withdraw a guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

     7.     Provided the defendant pays the $100.00 special assessment fee on or before the day of sentencing, and provided the United States Probation Office recommends, the United States will make the following <u>nonbinding</u> recommendations: 1) if, in the opinion of the United States Attorney's Office, the defendant accepts responsibility, or if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, the United States will concur in the recommendation; and 2) the United States will recommend that any sentence of incarceration imposed should be at the lower end of the applicable guideline range including, if applicable, a "split sentence."

     8.     If, in the opinion of the United States, the defendant either engages in conduct defined under the Application Notes 4(a) through (j) of Guideline 3C1.1, fails to cooperate as promised, fails to pay the special assessment prior to the sentencing hearing, or violates any other provision of this plea agreement, then the United States will not be bound to make the foregoing recommendations, and the defendant will not have the right to withdraw the plea.

     9.     Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that, on or about January 24, 2010, at or near Fairview, Monongalia County, West Virginia, the defendant, did falsely state, represent, and certify that he had conducted an examination of the No. 27 block seal for the Federal No. 2 Mine, including methane measurements when, in fact, defendant knew that he had not made such an examination. The parties further stipulate and agree that:

     a.     the defendant repeatedly made similar false representations between March 2009 and January 24, 2010 about either his examinations of block seals for the Federal No. 2 Mine, or the results of such examinations that he completed, and

     b.     a cross-reference under §2B1.1(b)(12)(A) applies in this case because the offense involved the conscious or reckless risk of death or serious bodily injury.

_/s/ John Renner_                                                    _1-30-10_
John Renner                                                         Date Signed

_/s/ James Brian Shockley_                                      _1/30/10_
James Brian Shockley                                  Date Signed
Counsel for Mr. Renner

James Brian Shockley
~~Cranston & Edwards~~
January 30, 2010
Page 4

The Court is not bound by the above stipulation and is not required to accept the same. Mr. Renner understands and agrees that should the Court not accept the above stipulation, Mr. Renner will not have the right to withdraw his plea.

10. The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information including Mr. Renner's background criminal record, offense charged in the Information and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence report to be prepared by the Probation Office of this Court, and to respond to any written or oral statements made by the Court, by Mr. Renner or his counsel.

11. The defendant understands that the United States Sentencing Guidelines are now advisory and no longer mandatory. It is therefore understood that the sentencing court may ascertain and impose a sentence below or above the applicable Guideline range, so long as that sentence is reasonable and within the statutory maximum specified in Title 30 of the United States Code for the offense of conviction.

12. The above paragraph notwithstanding, the defendant will retain his rights to appeal or to collaterally attack his conviction in any manner, including a motion pursuant to Title 28, United States Code, Section 2255, only with respect to any sentence imposed using an adjusted offense level (subtotal) 15 or higher. This reservation of rights is designed to ensure that the United States and the defendant retain the benefits of the plea agreement. It is not intended to represent the defendant's estimation of what an appropriate or reasonable sentence would or should be. Nor does this reservation of rights prevent the defendant from arguing for a sentence below the aforementioned adjusted Guideline offense levels. The United States will retain its appellate rights with respect to any sentence imposed.

13. If the defendant's plea is not accepted by the Court or is later set aside or if the defendant breaches any part of this agreement, then the Office of the United States Attorney will have the right to void this agreement.

_____        _/-30-/0_____
John Renner                             Date Signed

_____        _1/30/10_____
James Brian Shockley                    Date Signed
Counsel for Mr. Renner

James Brian Shockley
Cranston & Edwards
January 30, 2010
Page 5

      14.    The defendant agrees to waive the right to request or raise the issue of DNA testing in any post-conviction proceeding under 18 U.S.C. §3600 or in conjunction with any other collateral challenge to the conviction.

      15.    The above fourteen (14) paragraphs constitute the entire agreement between Mr. Renner and the United States of America in this matter. There are no agreements, understandings or promises between the parties other than those contained in this agreement.

          Very truly yours,

          BETSY C. JIVIDEN
          Acting United States Attorney

          By: Shawn Angus Morgan
          Assistant United States Attorney
          1-30-2010

SAM/lrsl

As evidenced by my signature at the bottom of the five (5) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

_____        1-30-10
John Renner                                      Date Signed

_____        1/30/10
James Brian Shockley                         Date Signed
Counsel for Mr. Renner