IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**FILED**
MAR 26 2010
U.S. DISTRICT COURT
CLARKSBURG, WV 26301

UNITED STATES OF AMERICA

v.   CRIMINAL ACTION NO. 1:10CR16

JOHN RENNER,
          Defendant.

## ORDER

On March 10, 2010 pursuant to a public order scheduling a plea hearing [DE 4], the Court conducted a plea hearing in accord with F.R.Crim.P 11 wherein the Defendant entered a plea of guilty to a publicly filed one count information [DE 1] pursuant to an order of reference by the District Judge [DE 3]. The plea hearing was open to the public and was attended by a number of persons representing various media outlets. No motion to close the proceeding to the public was made by Defendant or the United States.

Subsequent to the plea hearing, C. David Morrison, an attorney representing Patriot Coal Corporation, a company with an interest in the proceeding, and who was observed by the Court to be physically present during the entirety of the plea hearing, sought a transcript of the plea hearing. The request was denied by the Court Reporter generally assigned to transcribe proceedings conducted by the Magistrate Judge citing that the results of the plea hearing, to wit: minute entries and all matters related to the plea hearing, including a transcript of that plea hearing were sealed and a non-party seeking to obtain a copy of the transcript must first obtain leave of Court.

A review of the docket of this case reflects that the Clerk has sealed all entries following the March 10, 2010 plea hearing.

The Court was informed by the Clerk's office on March 25, 2010 of the above but yet unpublished policy as it was being applied in the within case.

Upon such notification, the Court advised C. David Morrison that he would need to seek leave of Court in order to obtain a copy of the transcript of the plea hearing of March 10, 2010.

On March 26, 2010 C. David Morrison, in behalf of non-party Patriot Mining sought leave of Court to obtain a transcript of the plea hearing held March 10, 2010 in the within case citing that Patriot Mining had an interest in the matter as the Defendant, John Renner, was an employee at its Federal No. 2 mine. On attempting to file the Motion To Obtain Hearing Transcript C. David Morrison was unable to file the motion because he nor the party he represents is a party to the within criminal action.

In this case, the plea hearing was open to the public. No motion to close the hearing was made by any party. The hearing was in fact well attended by a number of media personnel who were observed taking notes. The plea agreement was summarized by the United States in open court. The Defendant was extensively questioned by the Court in accord with F.R.Crim.P. 11. A witness for the United States gave testimony under oath outlining the proof the government would have offered at trial to prove the charge against the Defendant. If there was anyone in the public audience who was skilled in Gregg or another form of shorthand, he or she could have recorded the entirety of the proceeding on paper and thereafter reduced or transcribed it to a typewritten form without leave of Court. No order was entered by the Court sealing the post plea matters. Clearly, Patriot Coal Corporation, the employer of the Defendant who pled guilty to falsely stating, representing and certifying that he had conducted an examination of the No 27 block seal for the Federal No. 2 Mine when, in fact he had not in violation of Title 30, United States Code, Section 820(f), had and continues to have an interest in the plea hearing and subsequent proceedings in this case.

Accordingly, there is no reason to prohibit the requesting party, Patriot Coal Corporation, from obtaining a transcript of the plea hearing its attorney sat through.

Non-party Patriot Coal Corporation's Motion To Obtain Hearing Transcript is hereby **GRANTED**.

Upon consideration of all which, the Clerk is **DIRECTED** to file Patriot Coal Corporation's Motion To Obtain Hearing Transcript; leave is **GRANTED** to Patriot Coal Corporation to obtain at its expense a copy of the transcript of the March 10, 2010 plea hearing held in the within case and the Court Reporter, upon necessary and satisfactory financial arrangements being made, is **AUTHORIZED** to provide Patriot Coal Corporation, by its counsel, C. David Morrison, with a transcript of the March 10, 2010 plea hearing held in the within case.

The Clerk is further **DIRECTED** to mail copies of this Order to: C. David Morrison, counsel for Patriot Coal Corporation. The Clerk is **DIRECTED** to provide Court Reporter, Sue Hatley and all counsel of record in this case with an electronic copy of this Order.

Upon docketing of this Order the Clerk is **DIRECTED** to remove the Non-party Patriot Coal Corporation's Motion To Obtain Hearing Transcript from the docket of motions actively pending before this Court.

This order is **NOT SEALED**.

It is so **ORDERED**.

DATED this 26th day of March, 2010.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE